IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN GILKEY,

    Plaintiff,

    v.                                       No. CIV 15-0204 MV/WPL

GREG MARCANTEL, WENDY PEREZ,
MICHELLE BOYER, COLLEEN MCCARNEY,
JERRY ROARK,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Amended Civil Rights Complaint (Doc. 8) (the "complaint"). *See Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 733 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect."). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was found guilty of a disciplinary charge for assaulting a corrections officer. For punishment he was placed in segregation for a year and forfeited certain good time credits. When he was released from segregation, he was reclassified to a higher custody level. Plaintiff contends that his conviction and punishment were the result of retaliation by prison officials. He claims that Defendants' actions violated his rights under the First and Eighth Amendments, as well as certain state constitutional provisions. The complaint seeks declaratory and injunctive relief and damages.

The complaint's factual allegations are the identical, if slightly reworded, to those made in his earlier complaint in *Gilkey v. Willard, et al.*, No. CV 14-0335 WJ/KK ("*Gilkey* I"). Both complaints describe disciplinary proceedings that resulted from a charge of assault on a corrections officer on October 18, 2012, and both allege punishment of one-year's segregation and subsequent reclassification to Interim Level 6. The Court dismissed the earlier complaint for failure to state constitutional claims (No. CV 14-0335 WJ/KK, Doc. 7).

The one substantive difference in the new complaint is that Plaintiff now claims that his disciplinary punishment--segregation and classification to Level Six--was in retaliation for his refusal to cooperate in an investigation. Also, the five Defendants named in the instant complaint were not parties in the earlier action. For example, in *Gilkey* I, Plaintiff alleged that Defendants Rodriguez and Santago placed him in Level Six segregation after his one-year punishment for the assault. He makes the same allegations against Rodriguez and Santago in the instant complaint

2

but does not name them as Defendants; Defendants Perez and Boyer are now allegedly responsible for this placement. Furthermore, as in *Gilkey* I, Plaintiff alleges that various supervisory officials failed to correct the asserted wrongs, but he now makes these allegations against newly-named parties.

The doctrine of res judicata bars Plaintiff's claims in this action. "A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions." *Stone v. Dep't of Aviation,* 453 F.3d 1271, 1278 (10th Cir. 2006). "Under New Mexico law, the doctrine of res judicata requires that a plaintiff bring all of her claims against the same party in one court action if the claims arise out of the same set of operative facts." *Hull v. State Farm Mut. Auto. Ins. Co.*, 107 F. App'x 177, 178 (10th Cir. 2004) (citing *City of Sunland Park v. Macias*, 75 P.3d 816, 821-22 (N.M. Ct. App. 2003)). "The doctrine precludes not only the relitigation of claims that were actually raised in a prior action, but also all claims arising out of the transaction which could and should have been raised in that action. A party cannot circumvent the bar of res judicata by asserting a new legal theory [here, retaliation] or by seeking a different remedy." *Overton v. United States*, 48 F. App'x 295, 301 (10th Cir. 2002) (citing *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168-70 (10th Cir. 2000)); *and see Jones v. U.S. Dep't of Justice*, 137 F. App'x 165, 167 (10th Cir. 2005). Plaintiff's claims in both actions "arise out of the same set of operative facts," *Hull*, 107 F. App'x 178, and because the Court dismissed the complaint in *Gilkey* I, his current claims are barred as res judicata.

Nor may Plaintiff assert his claims from the original disciplinary transactions against new Defendants in this action. The related doctrine of collateral estoppel bars Plaintiff's claims against these newly-named parties. *See Lowell Staats Mining Co., Inc. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1280-81 (10th Cir. 1989). "Defensive collateral estoppel occurs when a

defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." *Id.* (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 4 (1979)); *and see Willner v. Budig*, 848 F.2d 1032, 1034 (10th Cir. 1988); *cf. Morgan v. City of Rawlins*, 792 F.2d 975, 980 (10th Cir. 1986).   The Court dismissed the complaint in *Gilkey* I on the merits, and thus Plaintiff, who was "the losing party[,] has had a full and fair opportunity to participate in the previous litigation."   *McCart v. Jordana*, No. 99-6194, 2000 WL 783401, at *1 (10th Cir. June 20, 2000); *and see Jones v. U.S. Dep't of Justice*, 137 F. App'x at 168.   Under the doctrines of res judicata and collateral estoppel, the Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's Amended Civil Rights Complaint (Doc. 8) is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE